**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY SCOTT BAILEY, | No. 09-15261 |
| Plaintiff - Appellant, | D.C. No. 2:04-CV-01175-MHM-MEA |
| v. | |
| MAXWELL, CO IV-Administrator Offender Services at Phoenix Central Office, sued in individual and official capacity; et al, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted August 10, 2010 [**]

Before:    HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

Randy Bailey, an Arizona state prisoner, appeals pro se from the district

court's summary judgment for Defendants in his 42 U.S.C. § 1983 action.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C § 1291.  We review de novo summary judgment. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  We affirm.

The district court properly concluded that Defendants are entitled qualified immunity because Bailey's right to due process before assignment to the Security Maximum Unit was not clearly established at the time he was in the Unit.  *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (holding that assignment to a supermax facility can invoke a liberty interest and noting, in 2005, that "Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system"); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that without atypical and significant hardship, due process is not violated).

**AFFIRMED.**